**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

PHILIP N. JOHNSON,                          :
                                            :
        Plaintiff,                         :
                                            :
        vs.                                :      CIVIL ACTION NO.: CV205-223
                                            :
HARLEY LAPPIN; R.E. HOLT;                   :
Warden R. WILEY; Warden D. L.               :
HOBBS; Officer HUMPHREY;                    :
Lt. WHITE; SCOTT SCHLEDER;                  :
Lt. B. RULEY; Nurse S. NANOY,               :
and Lt. J. ARNETT,                          :
                                            :
        Defendants.                        :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      Plaintiff, an inmate presently incarcerated at the United States Penitentiary in Atlanta, Georgia, has filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), contesting certain conditions of his confinement while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup").  A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that Defendants were deliberately indifferent to his safety while he was incarcerated at FCI Jesup[1]. Specifically, Plaintiff contends that the Defendants employed at FCI Jesup were made aware of a threat to Plaintiff's safety. Plaintiff contends

---

[1] Plaintiff also alleges that he was assaulted by another inmate on March 7, 2003, after he was transferred to the United States Penitentiary in Atlanta, Georgia ("USP Atlanta"). If Plaintiff wishes to proceed with his claims against Defendants employed at USP Atlanta, he should do so by filing the appropriate cause of action in the Northern District of Georgia, as the events Plaintiff asserts regarding USP Atlanta occurred within that District.

2

that these Defendants did nothing to protect him and, as a result, another inmate assaulted him on October 3, 2002.

State law determines the statute of limitation applicable to a claim filed pursuant to Bivens. See Harding v. Staub, 490 U.S. 536, 538, 109 S. Ct. 1998, 2000, 104 L. Ed.2d 582 (1989). As the events about which Plaintiff complains occurred in the State of Georgia, the laws of this state provide the applicable statute of limitation. According to O.C.G.A. § 9-3-33, the statute of limitation in Georgia for this type of action is two years. Plaintiff did not file his Complaint until November 2005, and his Complaint sets forth events which allegedly occurred in 2002. Plaintiff's Complaint was filed outside of the two year statute of limitation period.

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under Bivens and 28 U.S.C. § 1915A. Therefore, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

So **REPORTED** and **RECOMMENDED**, this _6_ day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)